SAM WHITEHEAD *v.* NEWTON OIL & MFG. CO.

[63 South. 219.]

DAMAGES. *Inadequate damages. Loss of eye.*

Where, in a suit for damages by a laborer against his employer, it was shown that through the negligence of the employer one of the eyes of the laborer was entirely destroyed and the other eye was so affected that its functions will perhaps be gone in a few years, when he will be totally blind, the verdict of a jury awarding one hundred and seventy-five dollars was grossly inadequate and the court on appeal will set aside the judgment as to the amount of damages to be recovered, but will allow the judgment as to liability to stand.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Suit by Sam Whitehead, against the Newton Oil and Manufacturing Company. From a judgment for plaintiff for one hundred and seventy-five dollars he appeals. The facts are fully stated in the opinion of the court.

*J. R. Byrd,* for appellant.

Notwithstanding the erroneous instructions given for the defendant and notwithstanding the incompetent testimony on behalf of defendant the jury by their verdict said that the defendant was liable and assessed his damages at the paltry sum of one hundred and seventy-five dollars. This record shows and it is uncontroverted that plaintiff, by the wilful and wanton conduct of the defendant, has lost one eye entirely and that the other is practically out and that he will be totally blind in a few years. That he suffered the most excruciating pain for a long period of time and is now suffering from the effects of said injury. He was forced to remain in a dark room for a long period of time and is now under the constant care and treatment of a physician, with the vain hope of saving the sight of the eye that is not totally destroyed, yet notwithstanding all these facts the jury rendered a verdict assessing his damages at the insignificant sum of one hundred and seventy-five dollars. Dr. Seale, who the testimony shows, is an eye specialist, says in his testimony, and it is uncontroverted that this old negro will become totally blind within a short while. Dr. McNeill's testimony is to the same effect. Dr. Cooper, the only other physician who testified in this case, knew nothing about the condition of his eye, except the information gained when the accident first happened. In view of this testimony and these facts why was it that the jury returned a verdict for the paltry sum of one one hundred and seventy-five dollars? Was it the effect that the erroneous instructions, which the court granted, had? Was the jury prejudiced or biased in some way? I am unable to say, but the fact remains that a great

wrong has been done this plaintiff and I most earnestly implore this court to right this wrong. This verdict is manifestly inadequate; then why should a court not reverse a case where the verdict and the judgment of the court is manifestly inadequate and out of all proportion to the injuries sustained. For this reason alone I most earnestly insist that the lower court erred in failing to grant plaintiff a new trial and I urge upon this honorable court the justness of this old negro's cause and pray this court to grant him a new trial.

*Jessie D. Jones,* for appellant.

The aggrieved suitor has asked for, and shown that he was entitled to receive bread, but has been given a stone. He has made out his right to recover for the wrong done him, and he has a right to expect and to demand adequate compensatory damages, if nothing more. He has furnished the jury with a certain standard for estimating his damages, and the jury is not to be permitted wantonly and defiantly to disregard this certain standard in arriving at its conclusion. The right to adequate compensation is as fixed as a right to a recovery is so clearly made out as to constrain a verdict for him.

The same evidence by which the plaintiff made out his right to a recovery shows further, and undisputably, that considerable sums were expended by him for medical attention and supplies, and that for months he was wholly disabled for business, and the precise sum lost by his disablement was not attempted to be disputed. That the injured suitor shall be told, "You are clearly entitled to recover, that is your right, and you have shown what amount of damage you have actually sustained by the reason of the wrongs which gave you right to recovery, but we will compromise the matter by saying you were wronged, and shall recover, whereby you shall have the benefit of a moral victory, but we will decline the mercenary and low view that money can salve your

hurts, and saddle the cost of the suit upon you," must shock every reflecting and law-abiding man, when attentively regarded. The verdict is utterly inconsistent, and unreasonable and unjust, and must be set aside by us. The injured citizen must be made to realize that he can safely appeal to the courts of the state for adequate redress of every wrong, and no appeal shall ever be met by such response as will only aggravate and intensify the original injury, with our consent at least."

Surely there can be no change in the law at the time the above opinion was rendered and the law of to-day. The appellant in the case at bar is surely entitled to the true and correct rule of law being invoked in his behalf. Think of this appellant having to lay up in a dark room for a long period of time and undergo severe suffering and eventually become totally blind besides being forced to a large outlay of expense searching for help from the expert eye doctors, and now being a charge upon his family. I submit to the court for the reasons hereinbefore discussed this case deserves to be reversed that the jury may properly pass upon appellant's case and adequately compensatory damages awarded, if nothing more.

*Ellis B. Cooper,* for appellee.

With the testimony of appellant's own witnesses, the doctor's, etc., the admissions of appellant himself, can this court overturn this verdict and say that it emanated from a jury biased and prejudiced in favor of this corporation and against this appellant? This appellant with all of his power to draw the sympathy of the jurors, with the testimony of his witness, with the rejection of testimony vital to the issues offered by the appellee, with the ability of his counsel, with the issues clearly established, asserts that for some unknown reason the jury was prejudiced against him. Yet, with their natural disposition against corporations, and with, as counsel says,

the desire in the heart of almost every man to repair as far as may be the injury. done one by another, this jury returned a biased verdict. Appellee does not think that under the delicate balance of the issues, and the whole case in one view, this court will disturb the verdict of the jury and the judgment of the trial court which passed upon this identical question and which heard and saw all of the proceedings. We submit that the record discloses no errors except such as were beneficial to the interest of the appellant and to the disadvantage of the appellee.

REED, J., delivered the opinion of the court.

Sam Whitehead was employed by the Newton Oil &. Manufacturing Company as a common laborer. He was directed by one in authority to assist a carpenter in the repair of certain beams or braces which supported a mixing apparatus and a tank containing sulphuric acid. There were leaks in the tank through which the acid dripped, and this was known to those in charge of the company's plant, but was unknown to Sam. It does not appear that he was informed of the leak, or warned of the danger attending the work about the tank. While performing the labor as directed, a drop of the acid fell into his left eye. By reason thereof he has lost the sight of that eye, and the other eye is affected to the extent that its functions will perhaps be gone in a few years when he will be totally blind.

The jury rendered a verdict in favor of appellant, and thereby decided that his injury resulted from the negligence of appellee. The verdict, however, was only for the sum of one hundred and seventy-five dollars. We consider this sum grossly inadequate, so much so, in fact, that we do not believe the judgment in the case should be permitted to stand.

The judgment is therefore reversed, in so far as it adjudges the amount of damages to be recovered, but in

all other respects shall remain in full force and effect, and this cause is remanded, for the purpose only of adjudging the amount of damages to be recovered by appellant.

*Reversed as to the amount of damages, and remanded.*