## Mrs. J. T. Murphy *v.* Town of Cleveland.

### [63 South. 572.]

DAMAGES. *Inadequate damages. Personal injuries.*

> In a suit against a municipality for damages caused by a defective sidewalk, where the evidence showed that plaintiff's shoulder was dislocated and left knee bruised, that she was confined for a time to bed, was disabled to a considerable extent for several months, that she still suffered from the injury and had not regained the strength in her injured arm and that she incurred some expense for physicians, a verdict for one hundred dollars was inadequate and the judgment will be reversed as to the amount of damages recovered but in other respects will remain in full force and effect.

APPEAL from the circuit court of Bolivar county.

HON. SAM C. COOK, Judge.

Suit by Mrs. J. T. Murphy against the town of Cleveland. From an insufficient judgment for plaintiff, she appeals.

The facts are fully stated in the opinion of the court.

*Charles Scott* and *Sykes & Somerville,* for appellant.

Our only assignment of error in this case is that the verdict of the jury was contrary to the law and the testimony, in that it was entirely inadequate. The uncontradicted testimony in the case of Mrs. Murphy and of Dr. McLean is to the effect that the dislocation to her shoulder was a serious, permanent injury, from which she can never recover. The uncontradicted testimony further shows that Mrs. Murphy suffered a great deal of physical pain, and was laid up for several days with her arm at the time of the injury, and later on spent a week in a hospital in Memphis on account of the shoulder. The uncontradicted testimony in the case further shows that she expended quite an amount of money for doctor's bills and

medicines on account of this arm. In fact, we believe the amount spent on doctor's bills and medicine would equal the amount of her recovery in this case. By their verdict the jury have said that Mrs. Murphy was entitled to recover compensatory damages, yet they only gave her for such damages an amount which would just about pay her doctor's bills. There is not one particle of testimony introduced here for the defense that Mrs. Murphy's injuries were not both painful, serious and permanent, and, since this is true, we submit that the court will not allow any such verdict as this to stand. This case is very much like the case of *Moseley* v. *Jamison,* 68 Miss. 336. In that case Chief Justice Woods laid down the true rule as follows, viz., "It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury may appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury; nor should its verdict be disturbed on its finding as to the proper amount to be awarded, except in the cases where it has been plainly produced by prejudice or passion or other improper motive."

But, conceding all this, a new trial must be granted in actions *ex delicto* where the jury has responded only in part to the demand made upon it by the law and the evidence. The plaintiff in such action seeks to establish his right to a recovery for injuries done by the defendant, and to recover adequate compensation for the wrongs. An appeal to the courts of the country, which is met by a verdict declaring that the plaintiff's right to a recovery is clear, but declining to give adequate compensatory damages, has certainly not met that response which justice requires. The aggrieved suitor has asked for, and shown that he is entitled to receive bread, but has been given a stone. He has made out his right to recover for

the wrong done him, and he has a right to expect and demand adequate compensatory damages, if nothing more. He has furnished the jury with a certain standard for estimating his damages, and the jury is not to be permitted wantonly and defiantly to disregard this certain standard in arriving at its conclusion. The right to adequate compensation is as fixed as the right to a recovery itself. *Hasie* v. *Railroad Company,* 79 Miss. 581; *Hill v. R. R. Co.,* 79 Miss. 587.

*Montgomery & Montgomery,* for appellee.

The only ground on which it is sought to have the judgment of the circuit court set aside and a new trial granted in this case is that the verdict of the jury was not adequate damages for the injury complained of by the appellant here and plaintiff in the court below. The verdict in this case was for the sum of one hundred dollars and the plaintiff in the court below had instituted her suit asking for the sum of eight thousand dollars for personal injuries sustained by her because of a defective condition in one of the sidewalks in the town of Cleveland. The case was tried before the jury and all the evidence on both sides, together with the instructions of the court, was presented to the jury and after considering everything, the jury found for the plaintiff and assessed her damages at one hundred dollars.

The rule as to the setting aside of verdicts in cases where there is complaint that the verdict of the jury was excessive has been well settled in this state in many different instances. The rule is that the courts will not disturb the verdict upon the ground of excessive damages unless the verdict be so flagrant and improper as to show that the jury were influenced by passion, prejudice, partiality or corruption and unless the party complaining can show that this is true, the court will not disturb the finding of the jury. *Railroad Co.* v. *Hurst,* 36 Miss. 660, 74 Am. Dec. 785; *Railroad Co.* v. *Whitfield,* 44

Miss. 466, 7 Am. Rep. 699; *Railroad Co. v. Caruth,* 51 Miss. 77.

The rule as to whether the court will set aside a verdict of the jury because the verdict is complained of as inadequate, is the same as the rule established in the case of award of excessive damages. *Hill* v. *A. & V. Railway Co.,* 79 Miss. 587.

In order for the appellant to have the verdict in this case set aside and a new trial granted, she must be able to show that verdict is so inadequate as to show that the jury was influenced by passion, prejudice, partiality or corruption.

The case of *Hill* v. *A. & V. R. R. Co.,* 79 Miss. 587, is a case in which Hill, the plaintiff, recovered a verdict from the Railroad Company for one hundred dollars for personal injuries sustained by him while a passenger upon the train. There was a conflict in the evidence in that case between the witnesses for Hill and the witnesses for the the Railroad Company as to the place where the accident occurred and also some little conflict as to the extent of his injuries. There was a preponderance of evidence in that case that the injury was inflicted at Jackson, which was a place that the railroad's witnesses testified it happened. Hill was not satisfied with the verdict of the jury and appealed and the only question raised by his appeal was that the damages assessed by the jury were inadequate. The case was affirmed by the supreme court.

The case of *Hill* v. *Railway, supra,* distinguishes its decision in that case from the decision in the case of *Moseley* v. *Jamison,* 68 Miss. 336, which last-mentioned case, the counsel for appellant, herein, urges is in point with the case at bar. The court says, after a statement of the Mosely case, as follows: "It appeared that the plaintiff had not only made out his right of recovery but that the evidence shows further and undisputedly that considerable costs were expended by him and that for months

he was wholly disabled for business and the sum lost by
this disablement was not attempted to be disputed. But
by their verdict he got nothing, the costs taxed against
him being much more than the pittance awarded.''

The court in the Hill case, approves the action of the
court in the Mosely case in reversing and remanding it.
There is nothing in the verdict of the jury in this case
that shows that they were influenced by any improper mo-
tives.

The case of *Hasie* v. *A. & V. Ry. Co.*, 79 Miss. 581, in
which the court refuses to grant a new trial where the
only error assigned was that the sum of five hundred
dollars was an inadequate sum to compensate the plain-
tiff herein for the injuries sustained by him, and an-
nounces practically the same rule as the *Hill case, supra.*

While the defendant in the case at bar did not intro-
duce any testimony in contradiction to the plaintiff and
her doctor, still the testimony of the plaintiff and her
doctor did not show that she was injured in such a way
that the court would be justified in setting aside the ver-
dict of the jury. Dr. McLean testified that the insomnia
and the rheumatism and the gallstones and other com-
plaints of the plaintiff could not be attributed to the in-
juries sustained by the plaintiff. And she, on cross-ex-
amination, does not attempt to say that the cause of these
complaints was the injuries. The jury by their verdict
evidently found that these complaints were not caused
by the injuries and thought that the amount which they
fixed as their verdict, would fully compensate the plain-
tiff for the other results of the injury.

The preponderance of the evidence in this case shows
that the defect in the sidewalk complained of by the
plaintiff and which defect caused her injuries was not
known to any member of the board of mayor and alder-
men and this being the fact, the defendant (appellee
here), was not liable to the plaintiff at all for her in-
juries. 28 Cyc. 1358, et seq.; *Vicksburg* v. *Hennessy*, 54
Miss. 391.

The jury and the learned circuit judge had all of the facts in the case before them and we do not think that the verdict of the jury should be disturbed.

REED, J., delivered the opinion of the court.

On November 18, 1909, appellant was walking along a plank sidewalk in the town of Cleveland, accompanied by Mr. Dumas, a friend. He stepped on a plank which was not properly fastened or nailed down and which flew up and caused appellant to trip and fall prone on the walk. Her right shoulder was dislocated and her left knee bruised by the fall. She brought suit for eight thousand dollars, and the jury returned a verdict in her favor for one hundred dollars. The only error assigned in this appeal is that the verdict of the jury is entirely inadequate.

Appellant testified that she suffered severe pain from the injury; that she was confined for a time to bed, was disabled to a considerable extent for several months; that she had been under treatment of several physicians, attended by some expense; that she still suffered from the injury, and has not regained strength in her right arm, and is still deprived of the full use thereof.

The doctor who first attended her after she was injured testified that her right shoulder was dislocated; that she suffered pain therefrom; that he had examined her a few days before he testified in March, 1912, and found an incomplete motion in the arm and incomplete strength therein; that the arm was still partially out of the socket and in his judgment will never get back properly therein; that she will never fully regain the use of the arm as it was before the injury; that she will continue to suffer pain therein; and that the injury from the dislocation is permanent.

No testimony was introduced by the appellee to contradict the evidence of the appellant showing the injury she suffered. It does not appear that the injury to ap-

pellant's knee was serious, though she testified that she suffered considerable pain therefrom. Appellant was about fifty-eight years of age when she sustained the injury.

After considering the testimony in this case, we conclude that the verdict for one hundred dollars is inadequate; in fact so much so that the judgment should not be permitted to stand.

The judgment is therefore reversed in so far as it adjudges the amount of damages to be recovered, but in all other respects shall remain in full force and effect; and this cause is remanded for the purpose only of adjudging the amount of damages to be recovered by appellant.

COOK, J., took no part in the decision of this case.

*Reversed and remanded.*