## WHITE ET UX. v. McREE.

[71 South. 804.]

1. ANIMALS. *Personal injuries. Sufficiency of evidence. Appeal and error. Damages. Inadequate damages. Review.*

Where in a suit for damages for injuries sustained by being bitten by a bulldog owned and kept by defendants on their premises, it appears from the testimony that the dog had previously bitten other people, and that his vicious and ferocious character was well known to defendants and that he was kept on the premises, running loose, with full knowledge of defendants that he would attack persons who might come within the yard. In fact that defendants kept the dog for the purpose of protecting the premises by his biting persons who might enter thereon, in such case a judgment against defendants was warranted.

2. SAME.

> In such case where it appeared that plaintiff underwent much
> physical suffering and mental terror during the attack, that
> the flesh of her leg was torn and disfigured and permanently
> injured and that she was confined to her bed for over three
> weeks and was only able to walk on one foot and was in fear
> of hydrophobia, a verdict for one hundred dollars was so grossly
> inadequate as to show prejudice, corruption or a reckless, dis-
> regard of the testimony on the part of the jury and under rule
> 13 of the supreme court, the judgment will be reversed and the
> case remanded for a new trial as to the amount of damages
> only.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by Miss Esma McRee, by her next friend, Mrs. El-
la McRee, against H. C. White and wife. Judgment on
direct appeal affirmed; on cross appeal, judgment re-
versed and case remanded for new trial as to the amount
of damages only.

The facts are fully stated in the opinion of the court.

*J. W. Croom,* for appellants.

*W. C. Wells,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an action for damages, brought by the appellee,
Miss Esma McRee, against the appellants, H. C. White
and Mrs. White, for injuries sustained by the appellee by
being bitten on both legs by a brindle bulldog owned
and kept by the appellants on their premises. There was
a jury verdict for one hundred dollars in favor of the
appellee, from which the appellants appeal, and the ap-
pellee cross-appeals, to this court.

The facts in the case are that in July, 1914, the appel-
lee, Miss Esma McRee, a young lady about seventeen
years of age, visited the residence of appellants one Sun-
day morning for the purpose of getting some eggs from

appellants, which she had been accustomed to doing for some months before that time. She went into the back yard of the residence of appellants, through the gate, and after getting into the yard she was grabbed, thrown down, and bitten by a brindle bulldog owned and kept there by appellants. The dog first imbedded his teeth in her left leg, and after releasing his hold upon this leg he imbedded his teeth in appellee's right leg above the ankle, throwing her to the ground and retaining his hold for about five minutes, or until he was beaten and pulled off, when he tore out his hold, pulling the ffesh from the bone with his teeth. The doctor who attended the young lady testified that:

"There were scratches on the calf of the right leg; there were two deep puncture wounds on the outside of the limb, and there were two lacerated wounds, which apparently protruded to the bone, just about the ankle; and there were other scratches on both sides of the lacerated wound, and there were two scratches on the lower left limb, all of which were made by the teeth of the dog. That on the outer side, just above the ankle, on the right limb, the injuries apparently were made by the teeth of the dog; and the lacerated deep wounds on the opposite side of the leg looked as though a dog had grabbed the limb with his teeth and then tore them through the flesh. They were about one and a half inches long, and looked as though the dog got her with his teeth and tore his hold out; anyway, it was torn out. The wounds seemed to be almost to the bone. I cauterized the wounds with carbolic acid, because I was afraid it might be a mad dog. She seemed to be suffering intensely. She was very nervous and excited and alarmed. She was nervous and crying, and we could hardly keep her still so I could do anything for her."

It further appears, from the undisputed testimony in the record, that after the dog had let go his hold on appellee's left ankle he took another hold on her right leg, throwing her down and keeping her down

for about five minutes, all of which time the dog was biting her, and she was crying for help, screaming and trying to get loose, but did not get loose until the dog had pulled his hold out, tearing the flesh of the leg with it. Appellee testified that these wounds caused her great suffering, both mental and physical, and that the injuries had continued to hurt her at all times since they were inflicted. She was confined to her bed and to the house for over three weeks, and after that time she was able to walk on one foot in a crippled condition. Appellee also suffered mental pain and anguish in the fear that hydrophobia might follow the infliction of the wounds by the dog.

It appears from the testimony that this brindle bulldog had previously bitten other people, and that his vicious and ferocious character was well known to the appellants and that he was kept on the premises, running loose, with the full knowledge of appellants that he would attack persons who might come within the yard. In fact, it seems from the testimony that the appellants had the dog there for the purpose of protecting the premises by his biting persons who might enter thereon. The question of liability of appellants, for the injuries inflicted in this case, was properly submitted to the jury, and the jury correctly determined the issue against the appellants. We find no error of the court below that would warrant us in disturbing the finding of the jury, as to the liability of appellants.

Cross-appellant, Miss McRee, contends that the verdict of one hundred dollars assessed as damages by the jury is so grossly inadequate as to show passion, prejudice, or corruption on the part of the jury; and we are asked, under rule 13 of this court (59 So. ix), to send the case back to the lower court, where another jury may pass upon the amount of damages due the cross-appellant for the injuries received. The verdict for one hundred dollars in this case is grossly inadequate, and evinces pas-

sion, prejudice, or a reckless disregard of the testimony, on the part of the jury. To say that the pain and suffering, both mental and physical, as well as the permanent injuries to this young lady, caused by this vicious and ferocious brute, is compensated by the sum of only one hundred dollars, is astounding to the senses and does violence to the law of compensation. We need not again narrate the injuries set out above, in order to justify our position that the verdict of one hundred dollars is grossly inadequate; but it is sufficient to say that the physical suffering and mental terror experienced by this young lady, while she was lying upon the ground, for five minutes, with the iron jaws and sharp teeth of this dog gnawing in the flesh and muscles of her leg, with his teeth imbedded to the bone, which hold was brutally torn out, carrying with it the flesh of the leg, and disfiguring and permanently injuring this young lady, warrants an infliction of damages many times greater than the sum of one hundred dollars. But, in addition to this, the pain and suffering, and the fear and fright, and confinement and crippled condition, all of which was subsequently suffered by the cross-appellant, further fortifies us in the conclusion that the verdict in this case is grossly inadequate and should be reversed. *Scott* v. *Yazoo M. V. R. Co.,* 103 Miss. 522, 60 So. 215; *Whitehead* v. *Newton Oil & Mfg. Co.,* 105 Miss. 711, 63 So. 219; *Murphy* v. *Town of Cleveland,* 106 Miss. 269, 63 So. 572.

The judgment on direct appeal is affirmed, and on cross-appeal the judgment of the lower court is reversed, and the case is remanded for a new trial as to the amount of damages only.

*Affirmed and remanded.*