* Writ of error dismissed for want of jurisdiction April 9, 1924.
This is a suit by appellant against appellee for damages for personal injuries alleged to have been sustained by him by reason of being struck by an automobile driven by appellee in a negligent and careless manner while he, appellant, was crossing Laurel avenue in the city of Beaumont, Tex.
Appellee answered by general demurrer, general denial, and plea of contributory negligence.
The case was tried before the court to a jury upon special issues, in answer to which the jury found (1) that appellant was injured by "being run over by and coming in contact with" the automobile driven by appellee; (2) that appellee saw appellant "in time to have checked the speed or to have stopped his car before striking plaintiff, or could have done so by the exercise of ordinary care"; (3) that the negligence of appellee was the proximate cause of the injury *Page 882 
suffered by appellant; (4) that appellant was not guilty of contributory negligence in receiving his injuries; and (5) that appellant was entitled to recover damages in the sum of $1. Upon this verdict judgment was rendered for appellant.
Appellant tiled a motion for a new trial, assailing the verdict of the jury on several grounds, one of which was the insufficiency of the award, insisting that same was contrary to the law and the evidence, specifying in what particulars the award was insufficient. The motion was overruled; hence this appeal.
Appellee prefaces his brief with three motions; the first being to dismiss the appeal on the ground that appellant's appeal bond was not filed within the time required by law, which appellee insists was 20 days after notice of appeal.
Article 2084, Vernon's Sayles' Civil Statutes, provides:
"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."
By article 30 (subdivision 58), Vernon's Sayles' Civil Statutes, the March term of the Fifty-Eighth district court of Jefferson county begins on the first Monday in said month and may continue in session 8 weeks. The record discloses that the March, 1923, term of said court began on March 5th, and adjourned on April 28th, being in session exactly 8 weeks. This case was tried at said term, and appellant's motion for a new trial was overruled and notice of appeal given on April 27th. The appeal bond was filed May 18, 1923. Appellee says that, as the appeal bond was filed 21 days after the motion for a new trial was overruled and notice of appeal given, it came too late, and jurisdiction did not attach to this court. This contention is untenable. By article 2084, supra, if the term of the court by law is to continue just 8 weeks, the appeal bond is required to be filed within 20 days after the expiration of the term of the court, and not within 20 days after notice of appeal, and, this being true, the bond was filed within the 20 days. It is only where the term of the court may by law continue more than 8 weeks that the appeal bond is required to be filed within 20 days after the notice of appeal is given. But appellee insists that his position is sustained by article 1726, Vernon's Sayles' Civil Statutes, and that, although the March term of said court, by law, is fixed at 8 weeks, and that although said term lasted only 8 weeks, said term, however, may by law continue more than 8 weeks, under the provisions of article 1726, Revised Statutes. That article applies to any and all district courts, and provides that when any of them shall be in the midst of the trial of any cause when the time for the expiration of the term as fixed by law arrives, the presiding judge shall have the power, and may, if he deems it expedient to do so, extend the term of said court until the conclusion of the pending trial. No such facts existed in the case at bar, and said article does not apply.
Appellee's next motion is to strike out the statement of facts filed herein. It appears that in sending up the record the copy of the statement of facts, which had been duly certified by the official court stenographer and agreed to and signed by counsel for the parties, but not approved by the trial judge, was sent up to this court. The law requires that the original statement of facts shall be sent up, and, in the absence of an agreement of the parties that the copy may be substituted, or of waiver by appellee, the copy cannot be considered. It appears that the official court stenographer properly prepared and certified the original and copy of the statement of facts herein, and that both were duly agreed to and signed by counsel for the parties on June 15, 1923; that on June 25, 1923, the original and copy were presented to the trial judge for his approval; that on said date he approved the original statement of facts, and dated, preparatory to signing, the copy, but from oversight failed to append his signature thereto; that on said date, June 25, 1923, both the original and copy were filed in the court below; and that by mistake the copy, instead of the original, was sent up with the record and filed in this court on July 16, 1923.
The case was set for submission in this court on December 20, 1923, and appellant filed his brief December 6, 1923, and appellee filed his brief and the motions being discussed on December 19th, the day before submission. On the day the motion to strike was filed, appellant filed his answer thereto, and presented therewith the original statement of facts, and asked that it be considered and filed. There is no question but that the copy of the statement of facts filed was and is a correct copy of the original, which had been agreed to and approved by the counsel for the parties at the time the original was approved, and that same was by mistake, sent up instead of the original. It is not made to appear, and indeed, could not be, we take it, that counsel for appellee were in any manner discommoded or misled in the preparation of their brief by the *Page 883 
filing of the copy instead of the original, nor was the submission of the case delayed thereby, and, while the decisions of our courts are not in entire accord on the question, and while we have had considerable trouble in arriving at a conclusion in the matter, on the authority of Rice v. Reese (Tex.Civ.App.) 110 S.W. 502 (in which a writ of error was refused by the Supreme Court), and the authorities there cited, and Gonzales v. Railway (Tex.Civ.App.) 107 S.W. 896, as well as others, we have concluded that permission to appellant to have the original statement of facts filed and considered should be granted.
In Rice v. Reese, supra, Chief Justice Willson said:
"It has been satisfactorily shown to this court that a statement of facts was duly prepared by the court stenographer, agreed to by the parties, approved by the trial court, and within the time allowed by law filed with the clerk of the court below. The failure to transmit it with the transcript to the appellate court has been shown to have been the result, not of negligence on appellants' part, but of a mistake whereby a copy, instead of the original statement, was sent with the transcript on appeal. That the appeal may be disposed of on its merits, the motion for a rehearing has been granted, and the statement of facts tendered for the purpose has been ordered filed" — citing a number of authorities. (Writ refused.)
Appellee finally moves to strike appellant's brief from the record for the reasons (1) that the assignments are not copied into the brief at the back of same; and (2) because the propositions submitted do not refer to the assignments to which they relate, nor do they present fundamental error, and says that the brief is in violation of rules 30 and 32 of the Supreme Court relative to briefing.
We do not agree with appellee in his contention. Rule 32 specifically permits the assignments of error to be placed in the front of the brief, following the statement of the case. As to the contention that the propositions advanced for the reversal of the case must refer to some assignment of error, we have heretofore, in the case of Adams v. Adams (Tex.Civ.App.) 253 S.W. 605, and West Lumber Co. v. Morris Barnes (Tex.Civ.App.) 257 S.W. 592 (not yet [officially] reported), held that rule 30 does not require that a proposition shall show to what assignment it relates. We are aware that this holding is contrary to that of the San Antonio Court of Civil Appeals on the question, but we think that our interpretation of the rule is correct, and have seen no reason to change our views on the question.
Appellee further objects to and complains of appellant's brief urging that same should be stricken because same fails to give a plain and succinct statement of the nature and result of the suit, and because same is argumentative, in violation of rule 29; but, while the brief is not altogether free from said objections, we do not think the infraction of the rule is such as to require its being stricken from the record.
All of appellant's assignments of error and the propositions thereunder go to the action of the court in overruling his motion for a new trial, which was based upon the insufficiency of the damages awarded.
The general rule is well settled that when there is no legal measure of damages, and they are unliquidated, and the amount is to be found by the jury in their discretion, the court will not, ordinarily, interfere with the verdict, but, when the verdict is clearly wrong, the court will not hesitate to set it aside.
The verdict of the jury determines that the collision was caused by the negligence of appellee, and that said negligence was the proximate cause of appellant's injuries, and that appellant was not guilty of contributory negligence. Appellant testified that since the accident he has felt bad, and had the headache all the time; that before the accident he did not have headaches and pains; that there was a knot in his side where the car struck him, and that he suffers pain in that side; that before the accident he was a strong, healthy man, and weighed about 275 or 280 pounds; that now he weighs about 210 or 220 pounds, and cannot work nor earn as much as he did before he got hurt. Aside from appellant's testimony, the evidence showed that appellant was knocked down, and was picked up and carried away from the place of the accident unconscious; that when picked up he was bleeding at the ears, and there was a pool of blood in the street where he fell. One of the physicians who examined appellant immediately after the accident testified that he found bruises about his head; that blood was oozing from his ears and nose; and that appellant complained of severe pains in the head; and that he was satisfied that appellant had sustained a fracture of the skull at the base of the brain; that he visited appellant at appellant's home four or five times, and that appellant was confined at home some seven or eight or nine days before he returned to his place of business. Another physician, who examined appellant just a few minutes after the accident, testified that he found a bruised place on the back of the head, and that he thought appellant had a fracture at the base of the skull.
It is a fundamental and cardinal principle of law that the injured party, when entitled to recover, shall have adequate compensation for the injuries suffered. The jury awarded to appellant the sum of $1. When we consider the evidence bearing upon the character and extent of appellant's injuries, and the practical failure of the jury to award appellant any damages, after convicting appellee of negligence in causing the *Page 884 
injury, and finding that his negligence was the proximate cause of the injury, and acquitting appellant of contributory negligence, the verdict is manifestly wrong, and the court erred in not setting same aside and granting appellant a new trial. Article 2022, Vernon's Sayles' Civil Statutes; May v. Hahn (Tex.Civ.App.) 64 S.W. 942; May v. Hahn,22 Tex. Civ. App. 365, 54 S.W. 416; Byrd v. Texas Midland Railway (Tex.Civ.App.) 99 S.W. 734; Burns v. M. P. Oil Co.,26 Tex. Civ. App. 223, 63 S.W. 1061; Carroll v. Texarkana Gas E. Co., 102 Ark. 137, 143 S.W. 586; Murphy v. Town of Cleveland,106 Miss. 269, 63 So. 572, Ann.Cas. 1916B, 454; Railway Light Co. v. Mason, 81 Ohio St. 463, 91 N.E. 292, 28 L.R.A. (N.S.) 130; Fleming v. Gemein, 168 Mich. 541, 134 N.W. 969, 39 L.R.A. (N.S.) 315; Ann.Cas. 1916B, p. 384, note, p. 460, note.
The judgment is reversed, and the cause remanded.