FLOWERS *v.* STRINGER *et al.**

(Division B. Feb. 4, 1929.)

[120 So. 198. No. 27580.]

---

*Corpus Juris-Cyc References: Damages, 17CJ, section 340, p. 1042, n. 28; Motor Vehicles, 42CJ, section 1055, p. 1244, n. 17.

*Collins & Collins* and *E. M. Lane,* for appellant.

*R. S. Tullos* and *J. D. Martin,* for appellees.

GRIFFITH, J. This suit grew out of a collison between a passenger automobile driven by John Flowers, the husband of appellant, and an automobile truck driven by the appellee Little. The passenger automobile was going west, and had arrived at a point near the intersection with a road coming in from a northwesterly direction. The appellee Little was driving from the northwest at a high rate of speed, and he turned eastwardly at the intersection aforesaid into the east and west road, in such a manner and at such a rate of speed as to swing too far to his left, and, as a consequence, collided with the Flowers car about four feet from the north bank of the east and west road. That the collision was within four feet of the north bank of the east and west road is shown by the clear and emphatic testimony of three of the four eyewitnesses, two of them disinterested, and by the undisputed physical fact that, immediately after the collision, the engine of the truck was within four feet of the north bank, or, as it was expressed, it was near enough that the witnesses could step from the engine of the truck to the said bank. The appellee Little admits that he was drinking, and the testimony was undisputed that he turned the sharp curve aforesaid at a speed greater than that allowed by law in turning such curves. It is established, therefore, that in at least two respects, he was operating the truck in violation of law. That he also violated the law at the time of the collision in that he had swung over to the north side of the east and west road, thereby placing himself on his wrong side, and on the side where it was the right of the passenger car to be, and where, in fact, it was, is also shown by the overwhelming weight of the evidence. No witness except the appellee Little disputed this last-mentioned fact, but his testimony is far from clear or satisfactory, and he finally admitted so much as to say that Flowers was about in the center of the road; and he nowhere made, or attempted to make, any explanation of how it was if he,

Little, were not on the wrong side of the road, that the cars were found immediately after the collision within four feet of the north bank of the road—a physical fact which amounts to demonstration.

Appellees in their argument do not make any serious effort to controvert the complaint of appellant that the driver of the truck was responsible for the collision; but they say that the verdict of the jury was based upon the conclusion that the appellant was not, in fact, injured. In this respect also we think the verdict is against the overwhelming weight of the evidence. Appellant was a passenger in the car with her husband. She was sick at the time of the trial, and unable to attend, but her husband testified that "her body was bruised up, and her right arm badly bruised, and her body had blue places, and she spit up blood for two or three days pretty bad, and she was confined to her bed for a few days," and that she complained of the injury for two or three months. And this was substantially undisputed, the only intimation of a dispute in that respect being that it was shown that, when the passengers got out of the car after the collision, some statement was made that nobody was hurt, as to which Flowers testified that appellant's injuries were not really discovered until she got home and had to go to bed and remain in bed on account thereof. It may have been that appellant was not greatly injured, but this did not justify a verdict under the record before us that there was no injury at all.

*Reversed and remanded.*