BURRILL *v*. RAU.*

(Division B. March 18, 1929.)

[121 So. 118. No. 27792.]

438

*Corpus Juris-Cyc References: Evidence, 23CJ, section 1755, p. 20, n. 45; Trial, 38Cyc, p. 1518, n. 69. On inadequacy of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 491; 8 R. C. L. 681; 2 R. C. L. Supp. 639; 5 R. C. L. Supp. 481.

*Mize & Mize & Thompson,* for appellant.

*C. R. Hayden* and *J. L. Taylor,* for appellee.

ANDERSON, J. Appellant brought this action in the circuit court of Harrison county against appellee, a merchant in the city of Gulfport, in said county, to recover damages for an injury received by appellant through the alleged negligence of one of appellee's employes, while appellant was a customer in appellee's store. There was a trial resulting in a verdict and judgment in appellant's favor in the sum of one dollar. From that judgment, appellant prosecutes this appeal.

Appellant's only assignment of error is the action of the court in overruling her motion for a new trial based upon the ground of the inadequacy of the damages awarded appellant by the verdict of the jury. Appellant's position is that the verdict of the jury was so grossly inadequate to compensate her for the injuries received as to evince passion or prejudice on their part in considering and rendering their verdict. To sustain that contention, appellant relies upon the cases of *Scott* v. *R. R. Co.,*

103 Miss. 522, 60 So. 215; *Whitehead* v. *Newton Oil Co.,* 105 Miss. 711, 63 So. 219; *Murphy* v. *Cleveland,* 106 Miss. 269, 63 So. 572, Ann. Cas. 1916B, 454; *White* v. *McRee,* 111 Miss. 502, 71 So. 804. It was held in those cases that, where there is a verdict and judgment in favor of a plaintiff establishing liability on the part of a defendant for a tort done the former by the latter, and the verdict, under the evidence, is so inadequate to compensate the plaintiff for the alleged injury as to evince passion or prejudice on the part of the jury, the plaintiff is entitled to a new trial. Appellee does not take issue with appellant as to the soundness of that principle of law, but contends that, under the evidence, this case does not come within the principle.

The evidence on behalf of the appellant tended to show that, while the appellant and her mother were in appellee's place of business, as customers, one of appellee's servants negligently threw a bolt of cloth on the counter in the store in such a manner as that it struck appellant on the back and injured her, and, as a result of appellant's injury, her health was impaired and she suffered much. On the other hand, Dr. Sheely, who treated appellant for the alleged injury about three weeks after it occurred, testified, in effect, that, if appellant received the blow on the back, there had been a complete recovery from it; that there was "nothing to it." There was some other evidence corroborating that of Dr. Sheely.

The verdict of the jury meant that they were convinced by the evidence that one of appellee's employees negligently threw a bolt of cloth on the counter in such a manner as that it struck appellent on the back, but that she suffered no injury as a result thereof, except a mere invasion of her legal rights, and that, therefore, she was only entitled to nominal damages. The jury evidently believed the testimony of Dr. Sheely, and the other evidence tending to show that the appellant had not suffered from the blow. This is not a case, therefore, where liability on the part of the defendant has been established

along with a real injury to the plaintiff, and the verdict of the jury awarding damages is so inadequate as to evince passion or prejudice on the part of the jury. Whether the appellant received any injury other than a mere invasion of her legal rights was a question for the jury. The jury heard all the witnesses testify, and saw their demeanor on the witness stand. It is within the exclusive province of the jury to pass on the credibility of witnesses. The character and weight of the evidence should control the jury in arriving at their verdict, not the number of witnesses testifying to the existence of an alleged fact.

We cannot say from the evidence in this case that the verdict was so inadequate in amount as to evince passion or prejudice on the part of the jury.

*Affirmed.*