TECHE LINES, INC., *v.* PASAVANTI.

(In Banc. April 4, 1932.)

[140 So. 677. No. 29635.]

**Whittington & Brown,** of Natchez, and **Hugh V. Wall,** of Brookhaven, for appellant.

94

Engle & Laub, of Natchez, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Adams county to recover damages for a personal injury suffered by her, and injury to and loss

of her wearing apparel and personal effects, caused by a collision between an automobile in which appellee was traveling and a passenger bus belonging to appellant, alleged to have been caused by the negligence of the driver of the bus. There was a verdict and judgment in appellee's favor in the sum of nine hundred fifty dollars, from which judgment appellant prosecutes this appeal.

Appellee and four other ladies, all related, being sisters or cousins, lived in Natchez; they had been to New Orleans on a shopping trip and were returning from New Orleans to Natchez in a Buick sedan. Mrs. Sarah Heatherley, one of the party, was driving the car. The collision between appellant's passenger bus and the Buick sedan occurred near Reserve in the state of Louisiana. The highway on which the passenger bus and the Buick sedan were traveling runs north and south, and at the point where the collision took place it is straight for half a mile or more in each direction; it is not a paved highway, but is graveled and is about thirty feet wide; there had been recent rains and the highway was slick. The Buick sedan was traveling north, and the passenger bus south. The passenger bus was thirty feet long, about seven feet wide, and weighed something like sixteen thousand pounds, and had double wheels. The result of the collision was that appellee suffered personal injuries and had to pay hospital and doctors' bills, and certain wearing apparel and personal effects carried by her in her suit case were destroyed in part and damaged in part.

Appellee charged in her declaration, in substance, that the collision between the bus and the Buick sedan, and the resulting injury and damage was caused by the bus being operated at an excessive and dangerous rate of speed, in view of the condition of the highway, which was wet and slippery at the time. That the driver of the bus was negligent in failing to keep a lookout for objects on

the highway, and failing to have the bus under control. That the driver of the bus, instead of keeping on his right-hand side of the highway, got over on the left-hand side, resulting in the collision. That the driver of the bus was operating it in such a careless and negligent manner as to lose control of it. That the bus was operated in such a negligent manner as to cause it to skid into the car in which appellee was riding. That the bus was being operated in violation of the statutes of Louisiana.

The principal ground assigned and argued by appellant for reversal of the judgment is that under the evidence it was entitled to a directed verdict. To sustain that position appellant contends that the undisputed physical facts show that the collision between the bus and the car took place without any fault on the part of the driver of the bus.

Appellee and the four ladies with whom she was riding in the Buick sedan, and one Reine, testified that they saw the bus coming down the highway, going south, approaching them as they were going north, Reine being south of the place where the collision occurred. That when they first observed the bus it was about three hundred feet north of the Buick sedan. That the highway was graveled and wet and slippery. That the bus was running at a high rate of speed and was zigzagging or swaying back and forth from one side of the road to the other. Appellee and the other four ladies in the car with her testified that when they saw the bus approaching them in that manner, and when it was about three hundred feet north of them, they immediately pulled the Buick sedan over to their extreme right-hand side of the road near the ditch, as near as they could get to it, and brought the car to a stop. That when their car stopped the bus was still about a city block away from them, but coming very rapidly, "zigzagging or skidding" back and forth across the road. That the bus was first on one side of the road and then on the other, and just before it reached

their car it was headed directly towards it, then the driver swerved the bus to his right-hand side of the road, which caused its rear to skid over on the other side of the road and strike the Buick sedan. That the impact tore off the running board of the Buick sedan and struck its rear door and rear fender. That the rear wheels of the Buick went into the ditch on the side of the road where it was standing and the front wheels remained on the highway, and the wheels on the right-hand side of the bus went into the ditch on the other side of the highway. The testimony of the appellee and her four companions was corroborated by the witness Reine.

Five witnesses for appellant, four of whom were disinterested, gave testimony which, if true, exonerated the driver of the bus from any negligence in its operation. In other words, there was a square conflict between the testimony of the witnesses for the respective parties.

Certain physical facts, however, are undisputed, which are: Immediately after the collision the rear wheels of the Buick car were found in the ditch on its right-hand side of the road and its front wheels up on the road, and the right-hand wheels of the bus were in or near the ditch on its side of the road. The fender of the Buick car on its left-hand side was mashed in or torn off, and the rear door on that side had been struck and was damaged. The front fender of the bus' left-hand rear wheel was damaged, showing that it had struck the Buick car, but there was no indication whatever that any part of the bus back of its left-hand rear fender and wheel had come in contact with the Buick car. In other words, the physical facts showed, so far as concerned the bus, that the only part of it that came in contact with the Buick car was the front part of its left-hand fender.

Appellant argues that those physical facts demonstrate that the collision between the bus and the car could not have occurred in the manner testified to by appellee and her four companions, and the witness Reine. The ground

they base that contention on is that if the collision had occurred as testified to by appellee and her witnesses, the left-hand rear end of the bus, back of the rear fender on that side, would have struck the Buick car. As stated, there was no evidence tending to show that that had occurred.

The trouble with appellant's position in that respect is that it loses sight entirely of what might reasonably have happened as the result of the rebound when the bus came in contact with the car. To illustrate, according to appellee's testimony the Buick car was at a standstill, the bus was coming down the slippery gravel road swerving from side to side: when it reached the Buick car it was in such position as that the fender to its left-hand rear wheel struck and tore off the left-hand fender to the Buick car and struck its left-hand rear door. The rebound might have been of sufficient force to throw the rear of the Buick and the rear of the bus so far apart that when the bus passed the Buick the left-hand rear of it was too far away to strike the car again. We think it is not only possible but probable that the collision happened in that manner. It is not unreasonable that such was the case. The movements of two automobiles after colliding, where both, or only one of them, are traveling at a high rate of speed, are highly problematical. Experience shows that often they cannot be accounted for.

We are of the opinion that the court committed no error in refusing to direct a verdict for appellant.

We notice none of the other errors assigned and argued, for the reason that we think they are manifestly without merit and do not call for a discussion by the court.

Affirmed.

**Griffith, J.,** delivered a dissenting opinion.

The testimony in behalf of plaintiff averred that the Buick sedan had been brought to a stop on the right-hand side of the road, and was in a position straight with the course of the road when the collision occurred. This testimony was given by four interested witnesses, each having suits growing out of the same accident, and by a young man who was traveling some distance, in the rear, and whose testimony was discredited from more than one angle. The only other witness introduced by plaintiff failed to sustain the theory and assertions of plaintiff. Five disinterested witnesses, four of whom were passengers on the bus and one a party who was traveling in a car following the bus, testified in behalf of defendants that the Buick sedan did not come to a stop, but was traveling in the center of the road without any slackening of speed, and that, just before the point was reached where the bus was traveling, the Buick sedan was turned quickly to the right, and that the bus driver, seeing the near approach of the sedan, the latter traveling, as stated, in the center of the road, then turned the bus to the right. That the actions of the two drivers in thus turning each to his right caused the center and rear of the sedan to swing against the front of the rear fender of the bus, and this in turn damaged the baggage on the running board of the sedan and the rear part of the sedan, and threw the rear of the sedan into the ditch, injuring the passengers in the smaller car. The witnesses for defendant immediately after the accident looked over the signs of the tracks of the two vehicles, and these tracks, the facts of which are not seriously disputed, corroborate the statements of the defendant's witnesses.

It is undisputed that the front fenders and the front part of the Buick sedan were not touched. It is undisputed that the only signs of impact with the sedan were back of the front part, and along the running board and on the rear door and rear fenders. It is undisputed that

the rear part of the rear fenders of the bus were untouched, and that no part of the bus in the rear of the rear wheels was touched. The only place where the bus was hit was on the front part of the fender of the rear wheel on the left-hand side. Thus it is demonstrated, by the undisputed physical facts, that the Buick sedan was not, as plaintiff's witnesses aver, standing still on the right-hand side of the road in a position straight with the course of the road, and that while in this position the rear of the bus skidded into the sedan. For if these assertions were true, then the physical signs would, upon a certainty, have shown one or the other of the two following results: Either (1) the bus would have struck the front of the Buick sedan, which as stated, is undisputed that it did not; or (2) the back part of the rear fender of the bus and the back part of the body of the bus would have shown signs of injury, and, as stated, the testimony is undisputed that the only sign of injury to the bus was on the front of the rear fender of the bus.

Here is the exact theory and testimony in behalf of plaintiff: That the Buick sedan had stopped on the right-hand side of the road with the sedan straight with the course of the road; that the bus was swaying from side to side in the road, and that when it reached the point where the sedan was standing the driver turned suddenly to his right, causing the rear end of the bus to swing around and strike the sedan on the running board, the rear door, and the rear fenders of the sedan. If this were true, then inescapably the rear part of the rear fenders of the bus, and the rear part of the body of the bus would have shown signs of injury; but it is undisputed that no such physical signs appeared on the bus. And this injury to the bus would have been the inevitable result of the first contact with the sedan. The majority opinion seeks to write around these physical facts by omitting any reference to the fact that the front part of the Buick sedan was not struck, and then to avoid

the fact that the rear of the bus showed no injury introduces an argument about a rebound. There is no evidence in the record, nor any suggestion therein of any rebound, nor was any such explanation attempted in the briefs. In fact, appellees make no serious attempt to answer the physical demonstration above mentioned, but rely generally on the general effect of the verdict of the jury.

Courts go a long way to support verdicts of juries, it is true; but they should stop short of doing so by conjectures or by looking for possibilities, or by saying that what happened is problematical, or that the happenings cannot be accounted for, because that course of adjudication is to reverse the rule, and place the burden of proof on the defendant, whereas the law requires a plaintiff to make out a case; and it is not sufficient in doing this that the proof is left in a conjectural or problematical condition or one in which it is said that the happening cannot be accounted for; and this can no more be properly done in support of the verdict of a jury on appeal than it could be originally, in arriving at a verdict. Probability is the rule of adjudication in civil cases, and, when the undisputed physical facts demonstrate what the probabilities are, courts should follow these facts. The undisputed physical facts here demonstrate that the version given by the disinterested witnesses for the defendant is the true version, the only one consistent with the reasonable probabilities, and these physical facts are as clear as if there were photographs of them before us. Of the force of such acts this court said in Mobile & Ohio R. Co. v. Bryant, 159 Miss. 528, 132 So. 539, 541: "These photographs disclose the facts to us by way of demonstration, and we apply the law to the facts thus demonstrated—any verdict to the contrary notwithstanding." When the physical facts substantially amount to demonstration, the verdict to the contrary thereof will be reversed. Flowers v. Stringer, 152 Miss. 897, 120 So. 198

Inasmuch as the undisputed physical facts demonstrate that the accident did not happen as claimed by plaintiff, but happened as shown by the five disinterested witnesses who testified for the defendant, and since that evidence discloses contributory negligence on the part of plaintiff, which is a complete defense under the law of Louisiana, wherein the accident occurred, the judgment should be reversed.