COLVIN *v.* ROBERTSON.

No. 39589          April 4, 1955          78 So. 2d 898

718

*Philip Mansour, H. P. Farish,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellee.

Lee, J.

R. L. Colvin sued Mrs. L. D. Robertson to recover damages for personal injuries, and also to recover property damages in the sum of $174.40, occasioned, as it was alleged, by the negligence of Mrs. Robertson in running through a stop sign at an intersection, and colliding her car with his taxicab.

The defendant, in her answer, admitted that she failed to stop at the stop sign, and that the amount of the property damage was correct, but denied that she caused the plaintiff any personal injuries.

At the conclusion of the evidence, the court gave a peremptory instruction to the jury to find for the plaintiff; and the jury returned a verdict accordingly, and in the sum of $174.40, the exact amount of the admitted damage.

Colvin appealed; and he contends here that the verdict and judgment were contrary to the evidence and to the law, as anounced in the instructions, because the jury awarded him nothing for personal injuries.

On February 22, 1954, as plaintiff was proceeding north, his taxicab was struck in the right side by Mrs. Robertson's car. He testified that he was thrown from **under** the steering wheel to the right side, where his head struck the door, and he was thereby knocked unconscious for several minutes. When he got out of the

car, Mrs. Robertson expressed her regrets. He went for medical aid, driving first to the Washington County Hospital, and then, at Mrs. Robertson's instance, to the Gamble Brothers Clinic, where the doctors examined him and told him to go home and stay in bed. Afterwards on two or three occasions, during a period of about six days, they saw him at the clinic. He testified that he sustained a hernia and serious and permanent damage to his hearing as a result of the wreck. He offered as a witness Dr. Cameron Montgomery, who examined him on March 20th following, and found that he had a 64% disability in his right ear and a 32% disability in his left. However, on cross-examination, the doctor testified that, on the basis of what he knew of the wreck, he did not think it was responsible for plaintiff's deafness. The plaintiff also offered as a witness Dr. Eustis H. Winn, Jr., who made an examination on March 17th following, and found a hernia; but on cross-examination, he testified that he could not say that the hernia originated specifically with this accident. Plaintiff's wife gave corroboration to his version as to a lump in his stomach and his deafness since the wreck.

The plaintiff did not offer as witnesses Dr. T. G. Barnes, Dr. Lyne Gamble and Dr. R. H. Peeples, who examined him at the clinic, or either of them; and when the defendant offered them, the plaintiff objected, as he had a right to do, and they were not permitted to testify.

Two employees of the City Park Commission, Warren Raburn and Melvin Johnson, saw the collision. Raburn testified that Colvin was not thrown over to the right side, but remained under the steering wheel. Both said that, by the time the cars settled, or came to a stop, Colvin, without delay, got out on the driver's side, shut the door, took out his pencil and pad, and began to take down the tag number. Raburn asked Colvin if he was "o. k.," and he replied "Yes, sir." Colvin talked to Mrs. Robertson and wrote Johnson's name and address on the pad, and when he asked Raburn if he would

testify in court, if needed, Raburn replied that he would testify that Mrs. Robertson ran through the stop sign. They saw nothing unusual in Colvin's physical condition.

■■ ■ In view of the admission as to the property damage, the plaintiff was entitled to the peremptory. But the evidence to the effect that plaintiff sustained a personal injury, as a result of the collision, was not supported by medical evidence. Dr. Montgomery's testimony was in fact adverse. Neither did he reap any benefit from Dr. Winn's testimony. Over against his claim was the testimony of two eye-witnesses, which, if believed, warranted the jury in finding that he sustained no personal injury at all. ■■■ In such circumstances, this Court will not disturb the finding of a jury in the absence of prejudicial error. Sansing v. Thomas, 211 Miss. 727, 52 So. 2d 478. See also Burrill v. Rau, 153 Miss. 437, 121 So. 118; Hill v. A & V Railway Company, 79 Miss. 587, 31 So. 198.

The case of Flowers v. Stringer, et al., 152 Miss. 897, 120 So. 198, is not determinative of the question here, because, in that case, it was not substantially disputed that Mrs. Flowers sustained some injury, whereas here, it was in the province of the jury to find that the plaintiff sustained no injury at all.

Consequently it follows that this cause must be, and is, affirmed.

Affirmed.

*McGehee, C. J.*, and *Holmes, Arrington* and *Ethridge, JJ.*, concur.