PITTMAN, A MINOR, ETC. *v.* MENDENHALL-MIMS MITCHELL FUNERAL HOME, INC.

No. 42149          February 5, 1962          137 So. 2d 518

*George B. Grubbs,* Mendenhall; *John K. Keyes,* Collins, for appellant.

*Satterfield, Shell, Williams & Buford,* Jackson; *J. W. Walker,* Mendenhall, for appellee.

McGEHEE, C. J.

The appellant, Miss Peggy E. Pittman, was injured in an automobile accident when a pickup truck in which she was riding as a guest of B. J. Shows, Jr., the operator, was struck by an ambulance driven by one C. J. Box, an employee of the appellee, Mendenhall-Mims Mitchell Funeral Home, Inc. The case was submitted to a jury which rendered a verdict in favor of the plaintiff and agaist the said defendant for the sum of $1,500.

On this appeal the sole assignment of error is that the verdict is so grossly inadequate as to show passion, prejudice and bias on the part of the jury. While the jury may have probably been warranted in rendering a verdict for as much as $2,500, we are unable to say, after a study of the entire record, that the verdict is so grossly inadequate as to show passion, prejudice and bias on the part of the jury. Then, too, the jury was entitled to take into consideration the circumstance that while no negligence, if any, on the part of the driver of the pickup truck was attributable to the plaintiff as his guest, the plaintiff objected to the testimony of Dr. Attix, an orthopedic surgeon of

Hattiesburg, Mississippi, whom she had consulted and who was present in the courtroom and was offered as a witness by the defendant. The trial court gave the usual instruction to the effect that where there is an objection to an available witness' testifying, the jury is entitled to presume that if the witness had been permitted to testify, his version of the matter would have been unfavorable to the objecting party.

The Court is unable to say that the verdict of $1,500 is so grossly inadequate as to show passion, prejudice and bias on the part of the jury and especially in view of the fact that there was other competent testimony minimizing the injuries to the plaintiff and which testimony may have influenced the jury.

The case must therefore be affirmed.

Affirmed.

*Arrington, Ethridge, McElroy,* and *Rodgers, JJ.,* concur.