RODGERS, Justice:
This is a personal injury suit growing out of an automobile and truck collision which occurred in the intersection of Mississippi Highways 28 and 37 in the City of Taylorsville, Mississippi, on February 4, 1966.
The plaintiff, Carroll D. Hankins, was driving an Oldsmobile northward on Highway 37, at a time when James Langley, Jr. was operating a truck owned by Sanderson Farms, Inc., in a southerly direction along Mississippi Highway 37. Langley was attempting to make a left turn into Highway 28, and he collided with the automobile driven by plaintiff, who is now the appellant here.
The testimony in this case is categorically conflicting. Each driver earnestly contends that the operator of the other vehicle caused the accident. Langley insists that his truck was not moving when the Oldsmobile struck the truck. On the other hand, Hankins contends that Langley pro *724 ceeded “into the highway intersection * * * without stopping at said stop sign” at a “dangerous and excessive rate of speed” driving his vehicle into the “side of the vehicle occupied by plaintiff.” Both sides maintained their respective positions with supporting testimony. A local justice of the peace testified at the conclusion of the defendant’s testimony that the defendant Langley told him that he did not know what occurred at the accident, because he was looking toward Mize, down Highway 28. The defendant, Mr. Langley, denied that such a conversation occurred.
The foregoing resume of the testimony indicates that the question as to the liability was a jury issue. The jury returned a verdict for the plaintiff, and fixed his damages at $1,000.
The plaintiff has appealed to this Court and contends here that (1) the amount of the verdict was so grossly inadequate as to evince passion and prejudice on the part of the jury; (2) that the trial court committed reversible error in granting and refusing certain instructions hereinafter mentioned.
I.
We cannot agree with the plaintiff’s contention that the verdict of the jury was so inadequate as to evince prejudice on the part of the jury. In the first place, the court properly granted a comparative negligence instruction: “* * * if you further believe from a preponderance of the evidence that the plaintiff was guilty of some negligence which proximately caused or proximately contributed to said accident, it shall be the duty of the jury to diminish the amount of damages awarded to the plaintiff by the proportion that such negligence, if any, of the plaintiff bears to the combined negligence of both the plaintiff and defendant, James Langley, Jr.”
The jury could have, and very probably did, consider that both drivers of the vehicles involved were negligent. The evidence in this case would sustain such conclusion, and since the jury is the judge of the weight and worth of the evidence, we cannot say that their verdict was the result of prejudice. See Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963); Gilliam v. Sykes, 216 Miss. 54, 61 So.2d 672 (1952).
Moreover, the testimony shows that the plaintiff had been previously injured in other accidents, and the evidence may have convinced the jury that the injury received in the accident here involved on February 4, 1966, was not the cause of the plaintiff’s “permanent” disability. This is especially true in this case, since his own doctor testified that the plaintiff suffered a muscle injury and that there was no residual injury to the plaintiff, and that he could not have developed traumatic arthritis from the injury received in the accident. See Burrill v. Rau, 153 Miss. 437, 121 So. 118 (1929); Pittman v. Mendenhall-Mims Mitchell Funeral Home, Inc., 242 Miss. 877, 137 So.2d 518 (1962).
II.
The appellant points out a portion of an instruction given to the defendant wherein the court used the following language: “* * * the undisputed proof being that the plaintiff had been in at least three prior automobile accidents and permanently injured in an automobile collision occurring on or about March 18, 1965 * * * ”
The appellant says this language is a commentary on the evidence by the trial judge and is in violation of section 1530, Miss.Code 1942 Ann. (1956). The instruction from which the foregoing quoted language was extracted was an instruction with reference to the life expectancy table introduced in evidence by the plaintiff. The plaintiff had obtained an instruction in which the courts had said that the total population table reflected that a person 43 years of age had a normal life expectancy of 30.19. There was no controversy as to *725 the fact that plaintiff had suffered other accidents. In fact, this was admitted.
In the case of Alabama and V. Ry. Company v. Phillips, 70 Miss. 14, 11 So. 602 (1892), this Court held that an instruction is not objectionable as being on the weight of the evidence because it assumes as true matters proven by both parties or about which there is no controversy. See also Arnold v. Reece, 229 Miss. 862, 92 So.2d 377 (1957).
In every lawsuit, most of the facts are admitted. For example the place where the accident occurred, the time, the parties involved, their sex and age. Error cannot be predicated upon a statement in an instruction which is admitted, or to which there is no controversy, unless it appears that the court has pointed out such testimony in such a manner so as to prejudice the right of one of the parties.
We are of the opinion that the language used by the court in the foregoing instruction was not sufficient error, if error, to reverse this case.
The appellant complains that he was not granted another instruction with reference to the right-of-way at a street intersection, and was thus prevented from presenting his theory of the accident to the jury. The record shows, however, that there is another instruction which was granted to the plaintiff which, under the facts in this case, gave the jury adequate instructions on the law with reference to the right-of-way at the street intersection.
We find no reversible error in the record of the trial in the instant case, and for that reason the judgment of the trial court should be, and is, hereby affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.