## McLaughlin *v.* R. W. Fagan-Peel Co. *et al.*

[87 South. 471, No. 21243.]

APPEAL AND ERROR. *Damages for loss of arm held grossly inadequate; where damages inadequate; judgment will be reversed only as to amount.*

Where, in a suit for damages by a laborer against his employer, the jury found that the injury was the result of the negligence of defendants, the verdict of the jury awarding plaintiff the sum of three hundred dollars as compensation for his suffering and for the loss of an arm is grossly inadequate, and the court on appeal will reverse the judgment of the lower court in so far as it adjudges the amount of damages to be recovered, but will allow the judgment as to liability to stand.

APPEAL from circuit court of Wayne county.
HON. R. W. HEIDELBERG, Judge.

Action by Willie McLaughlin, by his next friend, against R. W. Fagan-Peel Company and others. From a judgment for plaintiff for less than claimed, he appeals. Reversed and remanded.

*M. V. B. Miller,* for appellant.

The damages were grossly inadequate. This court, in speaking through Judge Woods in *Mosely* v. *Jamison,* 8 So. 744, has so clearly expressed itself on the inadequacy of damages and has done so much better than counsel can hope to, that I am setting out the language of Judge Woods in this opinion. Judge Woods said as follows: "But granting all this, a new trial must be granted even in actions *ex delicto,* where the jury has responded only in part to the demand made upon it by the law and the evidence. The plaintiff in such action seems to establish his right to a recovery for injuries done by the defendant, and to recover adequate compensation for the wrongs. An appeal to the courts of the country which is met by a verdict declaring that the plaintiff's right to a recovery is clear, but declining to give adequate compensatory damages, has certainly not met the response which justice requires. The aggrieved suitor has asked for, and shown that he was entitled to receive, bread, but has been given a stone. He has made out his right to recovery for the wrong done him, and he has a right to expect and to demand adequate compensatory damages, if nothing more. He has furnished the jury with a certain standard for estimating his damages, and the jury is not to be permitted wantonly, and defiantly to disregard this certain standard in arriving at its conclusion. The right to adequate compensation is as fixed as the right to a recovery itself. In the case at bar the jury has said that the plaintiff's right to a recovery is so clearly made out as to constrain a verdict for him. The same evidence by which the plaintiff made out his right to a recovery shows further, and undisputably, that considerable sums were expended by him for medical attention and supplies, and that for months he was wholly disabled for business, and the precise sum lost by his disablement was not attempted to be disputed. That the injured suitor shall be told, "You are clearly entitled to recover, that is your right, and you have shown what amount

of damage you have actually sustained by reason of the wrongs which gave you a right to recovery, but we will compromise the matter by saying you were wronged. and shall recover, whereby you shall have the benefit of the moral victory, but we will decline the mercenary and low view that money can salve your hurts, and saddle the costs of the suit upon you," must shock every reflecting and law-abiding man, when attentively regarded.    The verdict is utterly inconsistent, and unreasonable and un-just, and must be set aside by us.    The injured citizen must be made to realize that he can safely appeal to the courts of the state for adequate redress of every wrong, and no appeal shall ever be met by such response as will only aggravate and intensify the original injury, with our consent at least.    Reversed and remanded.    *Scott* v. *Y. & M. V. R. R. Co.*, 103 Miss. 522, 60 So. 215; *Whitehead* v. *The Newton Cotton Oil Co.*, 105 Miss. 711, 63 So. 219; *Murphy* v. *Town of Cleveland*, 106 Miss. 269, 63 So. 572; *White* v. *McRee*, 71 So. 804; *Townsend* v. *Briggs*, 88 Calif. 230, 26 Pac. 108; *Sullivan* v. *Vicksburg R. R. Co.*, 39 La. 800, 2 So. 586; *Richardson* v. *Missouri Fire Brick Co.*, 122 Mo. App. 529, 99 S. W. 778; *Warner* v. *Tolbert*, 112 La. 817, 36 So. 743; *Pinkerton* v. *Wisconsin Steel Co.*, 109 Minn. 117, 123 N. W. 60; *E. C. Noyes* v. *Des Moines Club*, 170 N. W. 461; *L. & N.* v. *Williams*, 183 Ala. 138, 62 So. 679, 3 A. L. R. 610 (Annotations and Notes); *McDonald* v. *Walter*, 40 N. Y. 551; *Walker* v. *Nix*, 76 So. 143, 115 Miss. 199.

In the case at bar, we have a little fifteen-year-old negro placed at work by the master around dangerous machinery in strict violation of the law of the land.    This little negro was inexperienced in the line of work he was required to perform and was not warned of the dangers and hazards incident to such employment and we verily believe was not of such mature age as to be able to appreciate the dangers of such employment or understand the warning, if any had been given.    He was of sound health and earning one dol-lar and seventy-five cents per day.    Then for a jury who

have said that the master is liable, to say that one having his right arm torn and lacerated from the finger tips to above the elbow, having to wait seven or eight hours after the injury before his arm was finally amputated—to say that one who suffered the pain that this little negro must have suffered, the jury also well knowing that he lost his right arm and that his earning capacity had been greatly decreased, was only entitled to three hundred dollars. It is a mockery. It is inescapable from reading the record, that the damages allowed were so small as to induce the conviction that the verdict of the jury was the result of mistake or oversight on the part of the jury in failing to take into consideration the proper elements of damages in assessing the amount of recovery.

*M. L. Heidelberg,* for appellee.

The appellant in this case obtained a verdict for three hundred dollars and not being satisfied with this sum, appeals to this court, and asks the court to reverse the judgment of the circuit court on the ground that the sum of three hundred dollars is wholly inadequate compensation for the loss of an arm; but appellant goes further and asks the court to reverse the judgment of the lower court to the extent only of setting aside the verdict of the jury as to the amount found, to-wit; the sum of three hundred dollars and letting the verdict stand for appellant, and order a new trial with a new jury to assess damages that will be adequate compensation for the loss of an arm. The evident purpose of this request lies in the fact that under the testimony before the court at the trial of this case the jury could have found against the appellant altogether. In other words the testimony as to the liability of the appellee, or defendant in the court below, was conflicting. Why the jury found for the plaintiff in the court below and assessed damages in the sum of three hundred dollars only cannot be known definitely, but they may have thought the defendant in the court below was not legally liable,

yet out of pure sympathy for the plaintiff allowed him the sum of three hundred dollars; however, the point we wish to contest with the appellant in this case is that the supreme court has no authority to reverse this case in the manner requested by the appellant; that having complained of the judgment given in their favor they must ask that the court reverse *in toto,* and not in part. A judgment in law is an entire thing, and cannot be severed into parts and after such severance, affirm as to part, and then reverse as to part. In the case of *Adams* v. *Carter,* 92 Miss. 594, and 595, the court said: "Mr. Freeman, in his learned note in the case of *Clarke* v. *Ostrander* (N. Y.), 13 Amer. Dec. 548, 549, states the general rule to be that the appellant, in this sort of case is barred, and then very pertinently adds: "And it was held in *Binkard* v. *Babcock,* 2 Rob. (N. Y.), 175, that even in the case of a judgment at law the prevailing party, after having accepted the amount of the verdict, might appeal on the ground of its insufficiency; and that such acceptance amounted to no more than the acceptance of a part of his claim before judgment would have done. But in such a case the appellant tribunal cannot try the case *de novo* (as we cannot) and can only reverse the judgment and remit the parties to the court below. We have the inconsistency of a party undertaking to claim the benefit of the judgment and at the same time set it aside as erroneous." "This criticism," said the court, "is a shot through the center of the target. This court has nothing but appellant revisory jurisdiction. All we could possibly do in this case under our procedure would be, in case of error, to reverse the judgment and remand the cause for a new trial in the court below."

The learned counsel for the appellant insists as earnestly that he only appeals from that part of the judgment disallowing the penalty, and that all he seeks here is, not a reversal of the judgment, but a modification of it; but he is plainly in error when reference is made to the proceedings on appeal. His appeal is prosecuted from the whole judgment as an entirety—a judgment the provi-

sions of which are dependent one upon another. Besides, if we were to pursue the course he indicates, in face of our procedure, and reverse a law judgment which is an entirety, and hold that the thirty per cent. penalty should have been allowed, going even that far, we should still be compelled, under our practice not to enter a judgment here by way of modification for the penalty alone, but to reverse and remand the cause for a new trial. We are dealing with a judgment at law, an entire thing, which has been appealed from as entirety.

Appellant gives authority for his proposition, cases from the state of Louisiana, but the court in that state acts by the authority of statutory provisions which authorize the court to increase or decrease the amount as they, in their judgment, may deem just. Corpus Juris, gives the general rule in these words: "Where the judgment is entire and indivisible, it cannot be reversed in part and affirmed in part, and if there is reversible error therein, it must set aside in *toto.* 4 C. J., page 1180, paragraph 3214, citing courts of many states, including the case of *Adams* v. *Carter,* 92 Miss. 579, being the case first above referred to, part of the opinion of which is copied into this brief.

W. H. Cook, J., delivered the opinion of the court.

This action is by Willie McLaughlin, a minor, through his next friend, against R. W. Fagan and others for damages for personal injuries alleged to have been sustained by him while assisting in the operation of a dangerous piece of machinery known as an edger, and from a judgment for three hundred dollars against R. W. Fagan and Jim Campbell plaintiff prosecuted this appeal.

Appellant was a minor, about fifteen years of age at the time of the injury sustained, and was employed to work in and about the sawmill of appellee, R. W. Fagan. It appears that his regular work was handling lumber, but on account of a shortage of labor he was sometimes called upon to do other things in and about the mill. At the

time plaintiff was injured he was assisting in the opera-
tion of a machine commonly called an edger, and there is
evidence that he had been so employed for about two days
prior to the injury, and that the foreman, Campbell, had
full knowledge of the fact that he was so employed, and
that this foreman had directed plaintiff to assist in the
operation of this machine. Plaintiff was inexperienced
in the operation of this machine, and the foreman, Camp-
bell, denied that he directed him to work around the edger,
or that he saw him working there, or had any knowledge
of the fact that he was so employed.

A strip or piece of lumber became fastened near the
saws of the edger, and while appellant was trying to ex-
tract this piece of lumber his coat sleeve was caught by the
saws and his right arm was drawn onto the saws, and the
arm was so cut and mangled from the elbow to the hand
as to make it necessary to amputate it above the elbow.

The case was submitted to the jury under instructions
correctly announcing the law, and the jury resolved the
question of liability in favor of appellant, but returned a
verdict for only three hundred dollars. As compensation
for the loss of an arm and the pain and suffering of ap-
pellant, this verdict is grossly inadequate, and evinces pas-
sion, prejudice, or disregard of the testimony on the part
of the jury, and we do not think it should be permitted to
stand.

The judgment of the lower court is therefore reversed
in so far as it adjudges the amount of damages to be re-
covered, but in all other respects will remain in full force
and effect, and the cause is remanded for the purpose only
of adjudging the amount of damages to be recovered by
appellant.

*Reversed and remanded.*