## GILL *v.* EAKIN.

(In Banc.   February 23, 1948.)

[33 So. (2d) 821.   No. 36678.]

Watkins & Eager, of Jackson, Henry & Barbour, and V. B. Montgomery, of Belzoni, for appellant.

J. G. Holmes, of Yazoo City, for appellee.

Argued orally by **P. H. Eager**, for appellant, and by **J. G. Holmes**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

A jury in the Circuit Court of Humphreys County awarded appellee a verdict against appellant, which was as follows: "We, the jury, find in favor of the plaintiff in the amount of $10,000 actual damages, and $5,000 punitive damages." This verdict was returned by the jury in an action whereby appellee sought to recover from appellant $75,000 actual damages, and $10,000 punitive damages, alleged to have accrued to the plaintiff "by reason of a butane gas explosion caused by the defendant's gross negligence tantamount to willfulness in installing and con-

necting·a butane gas system in the home occupied by the plaintiff and resulting in the serious and permanent injury of the plaintiff and the injury and death of his wife.''

Appellant brought the case here on direct appeal, presenting and arguing two assignments of error. The first is, that he should have been granted a directed verdict; the second, that the court erred in permitting the award of $5,000 punitive damages to stand, over his objections and protests. No point was raised in the court below as to the form of the verdict, or here. We therefore do not discuss it. Our only purpose in setting it out in full is to demonstrate how the division in damages is revealed in the record. Appellant's motion for a new trial was overruled. The trial court denied a motion by appellee for a new trial on the complaint that the verdict as to compensatory damages was inadequate, and accordingly he seeks reversal of that portion of the verdict.

Appellee, aged thirty-three, and his wife, aged thirty, had been happily married for approximately nine years, and at the time of the tragic event in this case, were harmoniously and contentedly residing with appellee's father, J. W. Eakin, in the latter's one-story frame home on his farm in Holmes County. Appellee and his wife had no children, and, of course, appellee became her sole heir at her death, occurring as set out, post. Apparently, to gratify the wishes of his son and daughter-in-law, J. W. Eakin consented to install a system of heating by the use of butane gas, and, for that purpose, entered into a contract with appellant, Gill, to furnish the necessary equipment, install and connect the system.

Sufficient equipment was not then available to complete the installation and connection of the entire system. The deficiency was in heaters. Their lack caused certain risers, or pipes, leading from the storage tank outdoors and coming into the house through the floors of the vari-. ous rooms, to which the heaters were later to be attached when available, to require sealing against leakage in the meantime. One of such risers was in a small unoccupied

room opening into the bed chamber of J. W. Eakin, and in the latter there was a lighted heater on the morning of the explosion. The agents and employees of appellant had left the afternoon of February 14, 1946, their work, apparently finished except as to the postponed connection of heaters with the unattached risers. When Mrs. Merrill Eakin opened the closed door of the little room about 7 o'clock of the following morning, the residence was practically blown apart in the affected portions, due to the explosion of gas seepage from the riser in the small room; permeating the air in the adjoining bedroom; and there coming into contact with the lighted heater.

Appellee's wife was horribly burned and injured, and, after lingering in great mental anguish and physical agony for approximately fifteen hours, she died at a hospital in a nearby town. Appellee also was badly burned and hurt, suffered excruciatingly, and was hospitalized. He was in a circulatory collapse; suffered third degree burns of the upper trunk, the hands, knees and ears; and his fingernails were burned away. He remained in the hospital six weeks, and for awhile continued to receive treatment after his discharge. He was, he testified (and was corroborated by his doctor), permanently disabled. The appellee paid total expenses for hospital, medical, and doctors' services, of $3,025.69. For all of these elements of damages, the jury awarded him $10,000 as compensation. Subtracting from this 'amount the above expenditures by appellee, he was awarded for the suffering of himself and wife, her death, and his permanent injury, the exact sum of $6,974.31.

The injuries and damage were proximately caused, according to appellee, and this the jury accepted to be true, by the negligence of appellant in failing to seal completely the riser in the small room, from which the gas allegedly escaped and exploded when it made contact with the lighted heater, as stated, supra.

On the other hand, the appellant contends that, although she was warned of the danger of so doing, the wife

.of appellee tampered in some unexplained way with a valve sealing the riser in the small room, and that she thus caused the escape of the gas and the resultant explosion with the consequent injuries and damage, for none of which he was to blame or responsible. In his brief, appellant says: "The explosion involved here was caused solely by the misdirected zeal and persistency of plaintiff's wife in suspecting and searching for a gas leak after she smelled the paint burning off the new appliance in her home." The jury rejected this view, and we are unable to find any evidence in the record that Mrs. Merrill Eakin touched this riser or valve at any time.

There was much testimony on both sides, which was generally in sharp conflict, resulting in the verdict of the jury as set out, ante. Since we cannot say that the verdict, in so far as it fastened liability upon the appellant for compensatory damages is concerned, was manifestly wrong or against the great overwhelming weight of the evidence, we are in no position to disturb it, as to such liability.

Appellant points out that no instruction was asked or given on the subject of punitive damages, and that the award thereof was by the mere volition of the jury. No objection as to the form of the verdict is raised, as stated supra, but appellant contends, and, from the record before us, correctly so, we think, that no award of exemplary damages should have been made, as no such gross negligence was shown as to merit such punishment. We think this assignment of error should be sustained, and it is, on the proof before us. The general rule seems to be that "In an action against a gas company for damages resulting from its negligence, if there are no circumstances of special aggravation, the extent of plaintiff's remuneration is restricted to such damages as are the legal and natural consequences of defendant's wrong. 38 C. J. S., Gas, Sec. 48. See also Mississippi Power Co. v. Byrd, 160 Miss. 71, 133 So. 193, and authorities there cited. In Bounds et al. v. Watts, 159 Miss. 307, 131 So. 804, 805, we said: "The

elements necessary for the allowance of punitive damages
are that the actions of the defendant were prompted by
willful and conscious wrong, or by actual malice, or by
conduct so grossly negligent and inexcusable as to amount
to a reckless disregard of the rights of the opposite
party.'' The consequences of appellant's negligence here
were dire and terrible, but the negligent act in failing
completely to close the sealing valve, on the record before
us, was due only to inadvertence or mistake on the part of
appellant's agents having to do therewith, and not such
an act of negligence as described in the Bounds case.

We are of the opinion that the verdict of the jury
awarding punitive damages here was manifestly wrong
and against the great overwhelming weight of the evi-
dence. The cases cited by appellee, dealing with punitive
damages for gross negligence amounting to willful wrong,
in our judgment, are not in point here, such as Godfrey
v. Meridian Light & Ry. Co., 101 Miss. 565, 58 So. 534;
Neal v. Newburger Co., 154 Miss. 691, 123 So. 861; Teche
Lines, Inc. v. Pope, 175 Miss. 393, 166 So. 539; Mississippi
Public Service Co. v. Cunningham, 189 Miss. 179, 195 So.
472, and Mississippi Power & Light Co. v. McCormick,
175 Miss. 337, 166 So. 534.

We, accordingly, affirm the verdict of the jury as to
liability of appellant for compensatory damages. But,
we reverse the judgment of the trial court as to the
amount thereof and remand the case for a reassessment
of the amount of such damages. We are convinced the
compensatory damages awarded appellee were not ade-
quate. As we have already pointed out, the verdict for
$10,000 after the deduction of the $3,025.69 disbursed by
appellee, left a balance of only $6,974.31, as the actual
entire award to him for his personal injuries, his physical
and mental pain and suffering, his loss of earning capac-
ity, his permanent injury and disability; the physical and
mental pain and suffering of his wife up to the time of her
death; and the death of his wife, the loss of her society
and companionship. Dixon v. Breland, 192 Miss. 335,

6 So. (2d) 122; Ozen v. Sperier et al., 150 Miss. 458, 117 So. 117.

For the reasons stated, the judgment of the trial court is affirmed as to liability of appellant to appellee for compensatory damages, but reversed and remanded for a new trial as to the amount thereof; and the judgment of the trial court is reversed and remanded as to the award of punitive damages.

Affirmed in part; reversed in part on direct appeal; reversed on cross-appeal; and remanded.